Charles A. Loreto, J.
This is a motion for an order pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges that plaintiff was employed by the corporate defendant and that the individual defendant, in his capacity as a corporate officer, stated to three employees, including the plaintiff, the following: ‘ ‘ Mr. Cohn, there is a hundred-dollar bill missing and only you three had access to it, Mr. Cohn, and I want that money returned or else I will fire you, you and you ’ ’ and “ while looking directly at the plaintiff, the defendant, Nicholas Brecher, said ‘ One of you is a crook.’ ”
*330 The general rule is that if defamatory language is used to an entire group, including every one of them, it may be said to refer to each member of the group, so that each may sue. However, where the words are used to a small or restrictive group expressly but impersonally or indefinitely refer to one or more of the several members thereof, one of the members, in order to maintain an action, must establish the application of the language to himself (Ann. 97 A. L. R. 289; Ann. 91 A. L. R. 1172, citing Harvey v. Coffin, 5 Blackf. [Ind.] 566). In the cited case the court held that a statement made by a father that one of his sons had stolen the defendant’s corn would not support an action for slander by one of the sons without proof that he was the son concerning whom the statement was made.
The action of slander is necessarily based upon the words uttered and their defamatory nature as applied to plaintiff. From a reading or hearing of the words noted here, one cannot conclude that they were directed to the plaintiff alone or to him as one of a group of persons.
Gross v. Cantor (270 N. Y. 93) cited by plaintiff, does not support his cause. In that case the charge was that all but 1 of 12 radio editors in New York lacked “ honesty of purpose ” and the complaint alleged that the defendant, prior to the publication, “ had publicly specified ” the one radio editor who was not subject to that charge. Therefore it was evident that charge related to all of the 11 remaining persons of whom plaintiff was one. The court in that case stated: ‘ ‘ An action for defamation lies only in case the defendant has published the matter ‘ of and concerning the plaintiff ’. * * ■ * Consequently an impersonal reproach of an indeterminate class is not actionable ” (p. 96).
Here the words refer to one not specified of a group of persons. Whereas it is essential that the “ defamatory words must refer to some ascertained or some ascertainable person, and that person must be the plaintiff. * * * So, if the words reflect impartially on either A. or B., or on some one of a certain number or class, and there is nothing to show which one was meant, no one can sue.” (Feely v. Vitagraph Co., 184 App. Div. 527, 528.)
Plaintiff contends that the intent of defendant to identify him as the one charged with dishonesty is deducible from the fact that defendant “ looked ” at him when he said “ One of you is a crook”. The words “ One of you is a crook” negative the claim that they apply to plaintiff. The court does not agree that it should be left to a jury to determine whether the alleged remark was specifically directed toward him and him alone. The *331 fact that it is alleged that the defendant ‘1 looked ’ ’ at the plaintiff when -he uttered the quoted words is too tenuous and speculative a basis to permit the conclusion to be drawn and stand that the slander was uttered of the plaintiff alone. The words used, “ one of you ” belie this conclusion and the allegation that the other two persons (employees) in attendance as well as the plaintiff were immediately thereafter “fired” also tends to refute it.
The motion is granted and the complaint dismissed.
Settle order.